KUANG-BAO P. OU-YOUNG
1362 Wright Avenue
Sunnyvale, California 94087
(408) 234-2371
kbouyoung@yahoo.com

Plaintiff Pro Se



FILED

AUG 14 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

### <u>NOTICE OF CONSTITUTIONAL QUESTION</u>

Pursuant to Federal Rule of Civil Procedure 5.1, plaintiff Kuang-Bao P. Ou-Young

hereby gives notice that the following complaint raises question of constitutional validity as to

the Judicial Conduct and Disability Act of 1980 – 28 U.S.C. §§ 351-364, the Criminal Justice

Act of 1964 – 18 U.S.C. § 3006A, 18 U.S.C. §§ 4241-4248, as well as the Speedy Trial Act of

1974 in 18 U.S.C. § 3161.

### <u>FIRST AMENDED COMPLAINT</u>

Case No. 19-cv-3049-WHO   DEMAND FOR JURY TRIAL

_____

KUANG-BAO P. OU-YOUNG, Plaintiff,

vs.

EDWARD LEAVY, senior Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, and as an individual; CONSUELO M. CALLAHAN, Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, and as an individual; CARLOS T. BEA, Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, and as an individual; JOHN G. ROBERTS, JR., Chief Justice of the United States, and as an individual; ANTHONY M. KENNEDY, former Associate Justice, U.S. Supreme Court, and as an individual; CLARENCE THOMAS, Associate Justice, U.S. Supreme Court, and as an individual; RUTH BADER GINSBURG, Associate Justice, U.S. Supreme Court, and as an individual; STEPHEN G. BREYER, Associate Justice, U.S. Supreme Court, and as an individual; SAMUEL A. ALITO, JR., Associate Justice, U.S. Supreme Court, and as an individual; SONIA SOTOMAYOR, Associate Justice, U.S. Supreme Court, and as an individual; ELENA KAGAN, Associate Justice, U.S. Supreme Court, and as an individual; SCOTT S. HARRIS, Clerk, U.S. Supreme Court, and as an individual; THOMAS F. HOGAN, senior District Judge, U.S. District Court for the District of Columbia, and as an individual; ROBERT K. LOESCHE, General Counsel, Administrative Office of the U.S. Courts, and as an individual; PASCO M. BOWMAN, senior Circuit Judge, U.S. Court of Appeals for the Eighth Circuit, and

as an individual; J. HARVIE WILKINSON III, Circuit Judge, U.S. Court of Appeals for the Fourth Circuit, and as an individual; SARAH EVANS BARKER, senior District Judge, U.S. District Court for the Southern District of Indiana, and as an individual; D. BROCK HORNBY, senior District Judge, U.S. District Court for the District of Maine, and as an individual; SALLY M. RIDER, former Administrative Assistant to the Chief Justice of the United States, and as an individual; SIDNEY R. THOMAS, Chief Judge, U.S. Court of Appeals for the Ninth Circuit, and as an individual; MARY M. SCHROEDER, senior Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, and as an individual; BARRY G. SILVERMAN, Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, and as an individual; ALEX KOZINSKI, former Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, and as an individual; PROCTER R. HUG, JR., former Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, and as an individual; RAYMOND C. FISHER, senior Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, and as an individual; RONALD M. GOULD, Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, and as an individual; RICHARD R. CLIFTON, senior Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, and as an individual; HARRY PREGERSON, former Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, and his estate; STEPHEN R. REINHARDT, former Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, and his estate; J. CLIFFORD WALLACE, senior Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, and as an individual; RICHARD C. TALLMAN, senior Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, and as an individual; MOLLY C. DWYER, Clerk, U.S. Court of Appeals for the Ninth Circuit, and as an individual; DON LEWIS, deputy clerk, U.S. Court of Appeals for the Ninth Circuit, and as an individual; RALPH R. BEISTLINE, senior District Judge, U.S. District Court for the District of Alaska, and as an individual; AUDREY B. COLLINS, former District Judge, U.S. District Court for the Central District of California, and as an individual; GEORGE H. KING, former District Judge, U.S. District Court for the Central District of California, and as an individual; OTIS D. WRIGHT II, District Judge, U.S. District Court for the Central District of California, and as an individual; ANDREW J. GUILFORD, senior District Judge, U.S. District Court for the Central District of California, and as an individual; MICHAEL W. FITZGERALD, District Judge, U.S. District Court for the Central District of California, and as an individual; JEFFREY T. MILLER, senior District Judge, U.S. District Court for the Southern District of California, and as an individual; ANTHONY W. ISHII, senior District Judge, U.S. District Court for the Eastern District of California, and as an individual; ROGER L. HUNT, senior District Judge, U.S. District Court for the District of Nevada, and as an individual; STEPHEN M. MCNAMEE, senior District Judge, U.S. District Court for the District of Arizona, and as an individual; PHYLLIS J. HAMILTON, Chief Judge, U.S. District Court for the Northern District of California, and as an individual; JAMES WARE, former District Judge, U.S. District Court for the Northern District of California, and as an individual; CLAUDIA WILKEN, senior District Judge, U.S. District Court for the Northern District of California, and as an individual; RICHARD SEEBORG, District Judge, U.S. District Court for the Northern District of California, and as an individual; LUCY H. KOH, District Judge, U.S. District Court for the Northern District of California, and as an individual; SUSAN ILLSTON, senior District Judge, U.S. District Court for the Northern District of California, and as an individual; EDWARD M. CHEN, District Judge, U.S. District Court for the Northern District of California, and as an individual; RONALD M. WHYTE, senior District Judge, U.S. District Court for the Northern District of California, and as an individual; JEFFREY S. WHITE, District Judge, U.S. District Court for the Northern District of California, and as an individual; BETH LABSON FREEMAN, District Judge, U.S. District Court for the Northern District of California, and as an individual; CHARLES R. BREYER, senior District Judge, U.S. District Court for the Northern District of

California, and as an individual; D. LOWELL JENSEN, former District Judge, U.S. District Court for the Northern District of California, and as an individual; VINCE CHHABRIA, District Judge, U.S. District Court for the Northern District of California, and as an individual; WILLIAM ALSUP, District Judge, U.S. District Court for the Northern District of California, and as an individual; YVONNE GONZALEZ ROGERS, District Judge, U.S. District Court for the Northern District of California, and as an individual; JAMES DONATO, District Judge, U.S. District Court for the Northern District of California, and as an individual; SAUNDRA BROWN ARMSTRONG, senior District Judge, U.S. District Court for the Northern District of California, and as an individual; MAXINE M. CHESNEY, senior District Judge, U.S. District Court for the Northern District of California, and as an individual; SAMUEL CONTI, former District Judge, U.S. District Court for the Northern District of California, and his estate; HAYWOOD S. GILLIAM, JR., District Judge, U.S. District Court for the Northern District of California, and as an individual; THELTON E. HENDERSON, senior District Judge, U.S. District Court for the Northern District of California, and as an individual; WILLIAM H. ORRICK, District Judge, U.S. District Court for the Northern District of California, and as an individual; JON S. TIGAR, District Judge, U.S. District Court for the Northern District of California, and as an individual; JOSEPH C. SPERO, Chief Magistrate Judge, U.S. District Court for the Northern District of California, and as an individual; PAUL SINGH GREWAL, former Magistrate Judge, U.S. District Court for the Northern District of California, and as an individual; LAUREL BEELER, Magistrate Judge, U.S. District Court for the Northern District of California, and as an individual; JACQUELINE SCOTT CORLEY, Magistrate Judge, U.S. District Court for the Northern District of California, and as an individual; NATHANAEL COUSINS, Magistrate Judge, U.S. District Court for the Northern District of California, and as an individual; MARIA-ELENA JAMES, former Magistrate Judge, U.S. District Court for the Northern District of California, and as an individual; ELIZABETH D. LAPORTE, Magistrate Judge, U.S. District Court for the Northern District of California, and as an individual; HOWARD R. LLOYD, former Magistrate Judge, U.S. District Court for the Northern District of California, and as an individual; DONNA M. RYU, Magistrate Judge, U.S. District Court for the Northern District of California, and as an individual; NANDOR J. VADAS, former Magistrate Judge, U.S. District Court for the Northern District of California, and as an individual; KANDIS A. WESTMORE, Magistrate Judge, U.S. District Court for the Northern District of California, and as an individual; SUSAN VAN KEULEN, Magistrate Judge, U.S. District Court for the Northern District of California, and as an individual; SUSAN Y. SOONG, Clerk, U.S. District Court for the Northern District of California, and as an individual; TIFFANY SALINAS-HARWELL, deputy clerk, U.S. District Court for the Northern District of California, and as an individual; TRACY GEIGER, deputy clerk, U.S. District Court for the Northern District of California, and as an individual; BETTY WALTON, deputy clerk, U.S. District Court for the Northern District of California, and as an individual; TERRENCE W. BOYLE, Chief Judge, U.S. District Court for the Eastern District of North Carolina, and as an individual; LOUISE W. FLANAGAN, District Judge, U.S. District Court for the Eastern District of North Carolina, and as an individual; ROBERT B. JONES, JR., Magistrate Judge, U.S. District Court for the Eastern District of North Carolina, and as an individual; PETER A. MOORE, JR., Clerk, U.S. District Court for the Eastern District of North Carolina, and as an individual; M. CASTANIA, deputy clerk, U.S. District Court for the Eastern District of North Carolina, and as an individual; DAVID STONE, chief, PACER Support Branch, Administrative Office of the U.S. Courts, and as an individual; BARACK OBAMA, former President of the United States, and as an individual; ERIC H. HOLDER, JR., former U.S. Attorney General, and as an individual; LORETTA E. LYNCH, former U.S. Attorney General, and as an individual; DAVID L.

ANDERSON, U.S. Attorney for the Northern District of California, and as an individual; MELINDA HAAG, former U.S. Attorney for the Northern District of California, and as an individual; BRIAN J. STRETCH, former U.S. Attorney for the Northern District of California, and as an individual; ALEX G. TSE, former U.S. Attorney for the Northern District of California, and as an individual; JAMES A. SCHARF, assistant U.S. attorney, U.S. Attorney's Office for the Northern District of California, and as an individual; CLAIRE T. CORMIER, assistant U.S. attorney, U.S. Attorney's Office for the Northern District of California, and as an individual; MAIA PEREZ, assistant U.S. attorney, U.S. Attorney's Office for the Northern District of California, and as an individual; CHRIS VIEIRA, assistant U.S. attorney, U.S. Attorney's Office for the Northern District of California, and as an individual; JEFF NEDROW, assistant U.S. attorney, U.S. Attorney's Office for the Northern District of California, and as an individual; ELISE BECKER, assistant U.S. attorney, U.S. Attorney's Office for the Northern District of California, and as an individual; BARBARA J. VALLIERE, assistant U.S. attorney, U.S. Attorney's Office for the Northern District of California, and as an individual; DANIEL KALEBA, assistant U.S. attorney, U.S. Attorney's Office for the Northern District of California, and as an individual; SHIAO LEE, assistant U.S. attorney, U.S. Attorney's Office for the Northern District of California, and as an individual; MERRY JEAN CHAN, assistant U.S. attorney, U.S. Attorney's Office for the Northern District of California, and as an individual; DAVID HARLOW, former acting director, U.S. Marshals Service, and as an individual; DAVID J. ANDERSON, former acting deputy director, U.S. Marshals Service, and as an individual; DONALD M. O'KEEFE, U.S. Marshal for the Northern District of California, and as an individual; MARC A. HARWELL, supervisory deputy U.S. marshal, U.S. Marshal's Office for the Northern District of California, and as an individual; DOES 1-20, deputy U.S. marshals, U.S. Marshal's Office for the Northern District of California, and as individuals; CHRIS YAMAGUCHI, court security officer, U.S. Marshal's Office for the Northern District of California, and as an individual; MARY GUTTORUSON, court security officer, U.S. Marshal's Office for the Northern District of California, and as an individual; DOES 21-30, court security officers, U.S. Marshal's Office for the Northern District of California, and as individuals; ANDREI LANCU, Director, U.S. Patent and Trademark Office, and as an individual; MICHELLE K. LEE, former Director, U.S. Patent and Trademark Office, and as an individual; GOOGLE, INC.; FACEBOOK, INC.; FEDEX CORPORATION; HEWLETT PACKARD ENTERPRISE COMPANY; ALAMEDA COUNTY SHERIFF'S OFFICE; GREGORY J. AHERN, sheriff, Alameda County, and as an individual; DOES 31-50, deputy sheriffs, Alameda County, and as individuals; JAMES MCNAIR THOMPSON, court appointed counsel, and as an individual; DOE 51, grand jury foreperson, U.S. District Court for the Northern District of California, and as an individual; ROY SAENZ, chief U.S. Pretrial Services officer, U.S. District Court for the Northern District of California, and as an individual; DOES 52-53, U.S. Pretrial Services officers, U.S. District Court for the Northern District of California, and as individuals; JOSH LIBBY, U.S. Pretrial Services officer, U.S. District Court for the Northern District of California, and as an individual; SUNNYVALE DEPARTMENT OF PUBLIC SAFETY; PHAN S. NGO, chief, Sunnyvale Department of Public Safety, and as an individual; FRANK J. GRGURINA, former chief, Sunnyvale Department of Public Safety, and as an individual; DOES 54-65, deputy U.S. marshals, Justice Prisoner and Alien Transportation System, U.S. Marshals Service, and as individuals; CORECIVIC, INC.; BRIAN KOEHN, warden, Nevada Southern Detention Center, and as an individual; JANICE KILLIAN, former warden, Nevada Southern Detention Center, and as an individual; DOE 66, case manager, Nevada Southern Detention Center, and as an individual; DOE 67, counselor, Nevada Southern Detention Center, and as an individual; DOES 68-80, correctional officers, Nevada Southern Detention Center, and as

First Amended Complaint                         Case No. 19-cv-3049-WHO    4 of 48

individuals; SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; JOHN MCMAHON, sheriff, San Bernardino County, and as an individual; DOES 81-83, deputy sheriffs, San Bernardino County, and as individuals; L. J. MILUSNIC, warden, Metropolitan Detention Center, Los Angeles, and as an individual; LISA HOPE, chief forensic psychologist, Metropolitan Detention Center, Los Angeles, and as an individual; LESLIE JOHNSON, forensic psychologist, Metropolitan Detention Center, Los Angeles, and as an individual; DOE 84, case manager, Metropolitan Detention Center, Los Angeles, and as an individual; DOE 85, unit manager, Metropolitan Detention Center, Los Angeles, and as an individual; DOE 86, counselor, Metropolitan Detention Center, Los Angeles, and as an individual; K. GAVIN, lieutenant, Metropolitan Detention Center, Los Angeles, and as an individual; A. OUGHOURLI, registered nurse, Metropolitan Detention Center, Los Angeles, and as an individual; DOES 87-100, correctional officers, Metropolitan Detention Center, Los Angeles, and as individuals; DOE 101, warden, Federal Transfer Center, Oklahoma City, Oklahoma, and as an individual; DOES 102-103, correctional officers, Federal Transfer Center, Oklahoma City, Oklahoma, and as individuals; J. C. HOLLAND, warden, Federal Correctional Complex, Butner, North Carolina, and as an individual; T. SMITH, warden, Federal Medical Center, Butner, North Carolina, and as an individual; A. W. RUPSKA, associate warden, Federal Medical Center, Butner, North Carolina, and as an individual; L. WHEAT, chief forensic psychologist, Federal Medical Center, Butner, North Carolina, and as an individual; R. KOCH, forensic psychologist, Federal Medical Center, Butner, North Carolina, and as an individual; JOSEPH S. ZONNO, forensic psychologist, Federal Medical Center, Butner, North Carolina, and as an individual; L. GRADDY, staff psychiatrist, Federal Medical Center, Butner, North Carolina, and as an individual; CHARLES L. GRIFFIN, case manager, Federal Medical Center, Butner, North Carolina, and as an individual; J. WIGGINS, counselor, Federal Medical Center, Butner, North Carolina, and as an individual; T. RULE, captain, Federal Medical Center, Butner, North Carolina, and as an individual; E. SINGLETON, lieutenant, Federal Medical Center, Butner, North Carolina, and as an individual; C. PLUCKER, lieutenant, Federal Medical Center, Butner, North Carolina, and as an individual; M. BOWERMAN, lieutenant, Federal Medical Center, Butner, North Carolina, and as an individual; W. IVEY, correctional officer, Federal Medical Center, Butner, North Carolina, and as an individual; R. PRICE, correctional officer, Federal Medical Center, Butner, North Carolina, and as an individual; M. PLEASANTS, correctional officer, Federal Medical Center, Butner, North Carolina, and as an individual; M. JACKSON, correctional officer, Federal Medical Center, Butner, North Carolina, and as an individual; S. O'BRIEN, correctional officer, Federal Medical Center, Butner, North Carolina, and as an individual; C. WHITLEY, correctional officer, Federal Medical Center, Butner, North Carolina, and as an individual; J. GREEN, correctional officer, Federal Medical Center, Butner, North Carolina, and as an individual; M. DEBOE, correctional officer, Federal Medical Center, Butner, North Carolina, and as an individual; C. GARNES, correctional officer, Federal Medical Center, Butner, North Carolina, and as an individual; J. FOSTER, correctional officer, Federal Medical Center, Butner, North Carolina, and as an individual; C. BRUMMEL, correctional officer, Federal Medical Center, Butner, North Carolina, and as an individual; B. SAMPAGA, correctional officer, Butner, North Carolina, and as an individual; P. MAVILLE, correctional officer, Federal Medical Center, Butner, North Carolina, and as an individual; F. WILLIAMS, JR., correctional officer, Federal Medical Center, Butner, North Carolina, and as an individual; DOES 104-110, correctional officers, Federal Medical Center, Butner, North Carolina, and as individuals; ADNAN NOGO, physician, Federal Medical Center, Butner, North Carolina, and as an individual; DOE 111, physician, Federal Medical Center, Butner, North Carolina, and as an individual; L. OVERTON, nurse practitioner, Federal Medical Center, Butner, North Carolina,

and as an individual; RENEE SMITH, registered nurse, Federal Medical Center, Butner, North Carolina, and as an individual; DOES 112-119, registered nurses, Federal Medical Center, Butner, North Carolina, and as individuals; DOES 120-125, physician assistants, Federal Medical Center, Butner, North Carolina, and as individuals; MICHAEL EAST, U.S. Marshal for the Eastern District of North Carolina, and as an individual; ROBERT D. PETTIT, former acting U.S. Marshal for the Eastern District of North Carolina, and as an individual; as well as DOES 126-132, deputy U.S. marshals, U.S. Marshal's Office for the Eastern District of North Carolina, and as individuals,

Defendants.

---

## INTRODUCTION

a1.    The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated, and no Warrants shall issue, but upon probable cause, …" The Fifth Amendment provides: "No persons shall be … compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; …" The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, …" The Seventh Amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, …" Even though the federal courts often are called the guardians of the Constitution, these courts have denied citizens of this country the aforesaid constitutional rights persistently. Accordingly, plaintiff initiates this action pursuant to the Federal Tort Claims Act of 1946 ("FTCA").

## JURISDICTION AND VENUE

a2.    This action raises questions under the FTCA in 28 U.S.C. §§ 2671-2680 as well as the Civil Rights Act of 1964 in 42 U.S.C. § 1983. This Court has original jurisdiction over these claims under 28 U.S.C. §§ 1346(b), 1331. This Court has authority to award the requested declaratory relief under 28 U.S.C. §§ 2201-02, the requested injunctive relief under 28 U.S.C. § 1343(a)(4), the requested damages under 28 U.S.C. § 1343(a)(4), and legal costs under 42 U.S.C.

§ 1988.

a3.    Venue is proper under 28 U.S.C. § 1391(b)(2) in the northern district of California because a substantial part of the actions giving rise to this case occurred within the district.

## INTRADISTRICT ASSIGNMENT

a4.    Pursuant to Civil L.R. 3-2(c) and (e), this is a civil rights case, in a non-excepted category, suitable for assignment to the San Jose division since it is where the U.S. attorney's office instituted a criminal case against plaintiff.

## PARTIES

a5.    Plaintiff Kuang-Bao P. Ou-Young is a resident of Santa Clara County.

a6.    Defendant Edward Leavy is a senior circuit judge at U.S. Court of Appeals for the Ninth Circuit ("Ninth Circuit"). Judge Leavy is being sued as an individual as well.

a7.    Defendant Consuelo M. Callahan is a circuit judge at the Ninth Circuit. Judge Callahan is being sued as an individual as well.

a8.    Defendant Carlos T. Bea is a circuit judge at the Ninth Circuit. Judge Bea is being sued as an individual as well.

a9.    Defendant John G. Roberts, Jr., is Chief Justice of the United States. Chief justice Roberts is being sued as an individual as well.

a10.    Defendant Anthony M. Kennedy was an associate justice at U.S. Supreme Court until retirement on June 27, 2018. Justice Kennedy is being sued as an individual as well.

a11.    Defendant Clarence Thomas is an associate justice at U.S. Supreme Court. Justice Thomas is being sued as an individual as well.

a12.    Defendant Ruth Bader Ginsburg is an associate justice at U.S. Supreme Court. Justice Ginsburg is being sued as an individual as well.

a13.    Defendant Stephen G. Breyer is an associate justice at U.S. Supreme Court. Justice Breyer is being sued as an individual as well.

a14.    Defendant Samuel A. Alito, Jr., is an associate justice at U.S. Supreme Court. Justice Alito is being sued as an individual as well.

a15.    Defendant Sonia Sotomayor is an associate justice at U.S. Supreme Court. Justice Sotomayor is being sued as an individual as well.

a16.    Defendant Elena Kagan is an associate justice at U.S. Supreme Court. Justice Kagan is being sued as an individual as well.

a17.    Defendant Scott S. Harris is clerk of U.S. Supreme Court. Clerk Harris is being sued as an individual as well.

a18.    Defendant Thomas F. Hogan is a senior district judge at U.S. District Court for the District of Columbia. Judge Hogan is being sued as a former director of the Administrative Office of the U.S. Courts ("AO") and as an individual.

a19.    Defendant Robert K. Loesche is general counsel of AO. Counsel Loesche is being sued as an individual as well.

a20.    Defendant Pasco M. Bowman is a senior circuit judge at U.S. Court of Appeals for the Eighth Circuit. Judge Bowman is being sued as a coauthor of *Implementation of the Judicial Conduct and Disability of 1980* ("implementation report") and as an individual.

a21.    Defendant J. Harvie Wilkinson III is a circuit judge at U.S. Court of Appeals for the Fourth Circuit. Judge Wilkinson is being sued as a coauthor of said implementation report and as an individual.

a22.    Defendant Sarah Evans Barker is a senior district judge at U.S. District Court for the Southern District of Indiana. Judge Barker is being sued as a coauthor of said implementation report and as an individual.

a23.   Defendant D. Brock Hornby is a senior district judge at U.S. District Court for the District of Maine. Judge Hornby is being sued as a coauthor of said implementation report and as an individual;

a24.   Defendant Sally M. Rider was Administrative Assistant to the Chief Justice of the United States ("AA") from August 2000 until September 2006. AA Rider is being sued as a coauthor of said implementation report and as an individual.

a25.   Defendant Sidney R. Thomas is chief judge of the Ninth Circuit. Judge Thomas is being sued as an individual as well.

a26.   Defendant Mary M. Schroeder is a senior circuit judge at the Ninth Circuit. Judge Schroeder is being sued as an individual as well.

a27.   Defendant Barry G. Silverman is a circuit judge at the Ninth Circuit. Judge Silverman is being sued as an individual as well.

a28.   Defendant Alex Kozinski was a circuit judge at the Ninth Circuit until retirement on December 18, 2017. Judge Kozinski is being sued as an individual as well.

a29.   Defendant Procter R. Hug, Jr., was a circuit judge at the Ninth Circuit until retirement on November 30, 2017. Judge Hug is being sued as an individual as well.

a30.   Defendant Raymond C. Fisher is a senior circuit judge at the Ninth Circuit. Judge Fisher is being sued as an individual as well.

a31.   Defendant Ronald M. Gould is a circuit judge at the Ninth Circuit. Judge Gould is being sued as an individual as well.

a32.   Defendant Richard R. Clifton is a senior circuit judge at the Ninth Circuit. Judge Clifton is being sued as an individual as well.

a33.   Defendant Harry Pregerson was a senior circuit judge at the Ninth Circuit until death on November 25, 2017. As a result, judge Pregerson's estate is being sued as well.

a34.   Defendant Stephen R. Reinhardt was a circuit judge at the Ninth Circuit until death on March 29, 2018. As a result, judge Reinhardt's estate is being sued as well.

a35.   Defendant J. Clifford Wallace is a senior circuit judge at the Ninth Circuit. Judge Wallace is being sued as an individual as well.

a36.   Defendant Richard C. Tallman is a senior circuit judge at the Ninth Circuit. Judge Tallman is being sued as an individual as well.

a37.   Defendant Molly C. Dwyer is clerk of the Ninth Circuit. Clerk Dwyer is being sued as an individual as well.

a38.   Defendant Don Lewis is a deputy clerk at the Ninth Circuit. Deputy clerk Lewis is being sued as an individual as well.

a39.   Defendant Ralph R. Beistline is a senior district judge at U.S. District Court for the District of Alaska. Judge Beistline is being sued as an individual as well.

a40.   Defendant Audrey B. Collins was a district judge at U.S. District Court for the Central District of California until retirement on August 1, 2014. Judge Collins is being sued as an individual as well.

a41.   Defendant George H. King was a district judge at U.S. District Court for the Central District of California until retirement on January 6, 2017. Judge King is being sued as an individual as well.

a42.   Defendant Otis D. Wright II is a district judge at U.S. District Court for the Central District of California. Judge Wright is being sued as an individual as well.

a43.   Defendant Andrew J. Guilford is a senior district judge at U.S. District Court for the Central District of California. Judge Guilford is being sued as an individual as well.

a44.   Defendant Michael W. Fitzgerald is a district judge at U.S. District Court for the Central District of California. Judge Fitzgerald is being sued as an individual as well.

a45.    Defendant Jeffrey T. Miller is a senior district judge at U.S. District Court for the Southern District of California. Judge Miller is being sued as an individual as well.

a46.    Defendant Anthony W. Ishii is a senior district judge at U.S. District Court for the Eastern District of California. Judge Ishii is being sued as an individual as well.

a47.    Defendant Roger L. Hunt is a senior district judge at U.S. District Court for the District of Nevada. Judge Hunt is being sued as an individual as well.

a48.    Defendant Stephen M. McNamee is a senior district judge at U.S. District Court for the District of Arizona. Judge McNamee is being sued as an individual as well.

a49.    Defendant Phyllis J. Hamilton is chief judge of this district court. Judge Hamilton is being sued as an individual as well.

a50.    Defendant James Ware was a district judge at this district court until retirement on August 31, 2012. Judge Ware is being sued as an individual as well.

a51.    Defendant Claudia Wilken is a senior district judge at this district court. Judge Wilken is being sued as an individual as well.

a52.    Defendant Richard Seeborg is a district judge at this district court. Judge Seeborg is being sued as an individual as well.

a53.    Defendant Lucy H. Koh is a district judge at this district court. Judge Koh is being sued as an individual as well.

a54.    Defendant Susan Illston is a senior district judge at this district court. Judge Illston is being sued as an individual as well.

a55.    Defendant Edward M. Chen is a district judge at this district court. Judge Chen is being sued as an individual as well.

a56.    Defendant Ronald M. Whyte is an inactive district judge at this district court. Judge Whyte is being sued as an individual as well.

a57.    Defendant Jeffrey S. White is a district judge at this district court. Judge White is being sued as an individual as well.

a58.    Defendant Beth Labson Freeman is a district judge at this district court. Judge Freeman is being sued as an individual as well.

a59.    Defendant Charles R. Breyer is a senior district judge at this district court. Judge Breyer is being sued as an individual as well.

a60.    Defendant D. Lowell Jensen was a senior district judge at this district court until retirement on October 31, 2014. Judge Jensen is being sued as an individual as well.

a61.    Defendant Vince Chhabria is a district judge at this district court. Judge Chhabria is being sued as an individual as well.

a62.    Defendant William Alsup is a district judge at this district court. Judge Alsup is being sued as an individual as well.

a63.    Defendant Yvonne Gonzalez Rogers is a district judge at this district court. Judge Rogers is being sued as an individual as well.

a64.    Defendant James Donato is a district judge at this district court. Judge Donato is being sued as an individual as well.

a65.    Defendant Saundra Brown Armstrong is a senior district judge at this district court. Judge Armstrong is being sued as an individual as well.

a66.    Defendant Maxine M. Chesney is a senior district judge at this district court. Judge Chesney is being sued as an individual as well.

a67.    Defendant Samuel Conti was a senior district judge at this district court until death on August 29, 2018. As a result, judge Conti's estate is being sued as well.

a68.    Defendant Haywood S. Gilliam, Jr., is a district judge at this district court. Judge Gilliam is being sued as an individual as well.

a69.   Defendant Thelton E. Henderson is an inactive district judge at this district court. Judge Henderson is being sued as an individual as well.

a70.   Defendant William H. Orrick is a district judge at this district court. Judge Orrick is being sued as an individual as well.

a71.   Defendant Jon S. Tigar is a district judge at this district court. Judge Tigar is being sued as an individual as well.

a72.   Defendant Joseph C. Spero is chief magistrate judge of this district court. Judge Spero is being sued as an individual as well.

a73.   Defendant Paul Singh Grewal was a magistrate judge at this district court until retirement on June 3, 2016. Judge Grewal is being sued as an individual as well.

a74.   Defendant Laurel Beeler is a magistrate judge at this district court. Judge Beeler is being sued as an individual as well.

a75.   Defendant Jacqueline Scott Corley is a magistrate judge at this district court. Judge Corley is being sued as an individual as well.

a76.   Defendant Nathanael Cousins is a magistrate judge at this district court. Judge Cousins is being sued as an individual as well.

a77.   Defendant Maria-Elena James was a magistrate judge at this district court until retirement on August 31, 2018. Judge James is being sued as an individual as well.

a78.   Defendant Elizabeth D. Laporte is a magistrate judge at this district court. Judge Laporte is being sued as an individual as well.

a79.   Defendant Howard R. Lloyd was a magistrate judge at this district court until retirement on June 3, 2018. Judge Lloyd is being sued as an individual as well.

a80.   Defendant Donna M. Ryu is a magistrate judge at this district court. Judge Ryu is being sued as an individual as well.

a81.    Defendant Nandor J. Vadas was a magistrate judge at this district court until retirement on November 4, 2017. Judge Vadas is being sued as an individual as well.

a82.    Defendant Kandis A. Westmore is a magistrate judge at this district court. Judge Westmore is being sued as an individual as well.

a83.    Defendant Susan van Keulen is a magistrate judge at this district court. Judge van Keulen is being sued as an individual as well.

a84.    Defendant Susan Y. Soong is clerk of this district court. Clerk Soong is being sued as an individual as well.

a85.    Defendant Tiffany Salinas-Harwell is a deputy clerk at this district court. Deputy clerk Salinas-Harwell is being sued as an individual as well.

a86.    Defendant Tracy Geiger is a deputy clerk at this district court. Deputy clerk Geiger is being sued as an individual as well.

a87    Defendant Betty Walton is a deputy clerk at this district court. Deputy clerk Walton is being sued as an individual as well.

a88.    Defendant Terrence W. Boyle is chief judge of U.S. District Court for the Eastern District of North Carolina ("second district court"). Judge Boyle is being sued as an individual as well.

a89.    Defendant Louise W. Flanagan is a district judge at second district court. Judge Flanagan is being sued as an individual as well.

a90.    Defendant Robert B. Jones, Jr., is a magistrate judge at second district court. Judge Jones is being sued as an individual as well.

a91.    Defendant Peter A. Moore, Jr., is clerk of second district court. Clerk Moore is being sued as an individual as well.

a92.    Defendant M. Castania is a deputy clerk at second district court. Deputy clerk

Castania is being sued as an individual as well.

a93.   Defendant David Stone is chief of PACER Support Branch, AO. Chief Stone is being sued as an individual as well.

a94.   Defendant Barack Obama was president of the United States from January 20, 2009 until January 20, 2017. President Obama is being sued as an individual as well.

a95.   Defendant Eric H. Holder, Jr., was U.S. attorney general from February 3, 2009 until April 27, 2015. Former attorney general ("FAG") Holder is being sued as an individual as well.

a96.   Defendant Loretta E. Lynch was U.S. attorney general succeeding FAG Holder until January 20, 2017. FAG Lynch is being sued as an individual as well.

a97.   Defendant David L. Anderson is current U.S. attorney for the northern district of California. U.S. attorney Anderson is being sued as an individual as well.

a98.   Defendant Melinda Haag was U.S. attorney for the northern district of California from August 5, 2010 until September 1, 2015. Former U.S. attorney ("FUSA") Haag is being sued as an individual as well.

a99.   Defendant Brian J. Stretch was U.S. attorney for the northern district of California after FUSA Haag until January 5, 2018. FUSA Stretch is being sued as an individual as well.

a100.   Defendant Alex G. Tse was U.S. attorney for the northern district of California after FUSA Stretch until January 14, 2019. FUSA Tse is being sued as an individual as well.

a101.   Defendant James A. Scharf is an assistant U.S. attorney ("AUSA") at the U.S. Attorney's Office for the Northern District of California ("first U.S. attorney's office"). AUSA Scharf is being sued as an individual as well.

a102.   Defendant Claire T. Cormier is an AUSA at first U.S. attorney's office. AUSA Cormier is being sued as an individual as well.

First Amended Complaint                                Case No. 19-cv-3049-WHO   15 of 48

a103.  Defendant Maia Perez is an AUSA at first U.S. attorney's office. AUSA Perez is being sued as an individual as well.

a104.  Defendant Chris Vieira is an AUSA at first U.S. attorney's office. AUSA Vieira is being sued as an individual as well.

a105.  Defendant Jeff Nedrow is an AUSA at first U.S. attorney's office. AUSA Nedrow is being sued as an individual as well.

a106.  Defendant Elise Becker is an AUSA at first U.S. attorney's office. AUSA Becker is being sued as an individual as well.

a107.  Defendant Daniel Kaleba is an AUSA at first U.S. attorney's office. AUSA Kaleba is being sued as an individual as well.

a108.  Defendant Barbara J. Valliere is an AUSA at first U.S. attorney's office. AUSA Valliere is being sued as an individual as well.

a109.  Defendant Shiao Lee is an AUSA at first U.S. attorney's office. AUSA Lee is being sued as an individual as well.

a110.  Defendant Merry Jean Chan is an AUSA at first U.S. attorney's office. AUSA Chan is being sued as an individual as well.

a111.  Defendant David Harlow was acting director of U.S. Marshals Service ("USMS") from July 26, 2015 until January 3, 2018. Director Harlow is being sued as an individual as well.

a112.  Defendant David J. Anderson was acting deputy director of USMS from January 4, 2018 until March 13, 2019. Director Anderson is being sued as an individual as well.

a113.  Defendant Donald M. O'Keefe is U.S. Marshal for the Northern District of California. Marshal O'Keefe is being sued as an individual as well.

a114.  Defendant Marc A. Harwell is supervisory deputy U.S. marshal, U.S. Marshal's Office for the Northern District of California ("first marshal's office"). Deputy marshal Harwell

is being sued as an individual as well.

a115.   Defendants Does 1-20 are deputy U.S. marshals at first marshal's office. Deputy marshals Does 1-20 are being sued as individuals as well.

a116.   Defendant Chris Yamaguchi is a court security officer ("CSO") at first marshal's office. CSO Yamaguchi is being sued as an individual as well.

a117.   Defendant Mary Guttoruson is a CSO at first marshal's office. CSO Guttoruson is being sued as an individual as well.

a118.   Defendants Does 21-30 are CSOs at first marshal's office. CSOs Does 21-30 are being sued as individuals as well.

a119.   Defendant Andrei Lancu is current director of U.S. Patent and Trademark Office ("USPTO"). Director Lancu is being sued as an individual as well.

a120.   Defendant Michelle K. Lee was director of USPTO from January 13, 2014 until June 6, 2017. Director Lee is being sued as an individual as well.

a121.   Defendant Google, Inc. ("Google") is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California.

a122.   Defendant Facebook, Inc. ("Facebook") is a Delaware corporation with its principal place of business at 1 Hacker Way, Menlo Park, California.

a123.   Defendant Fedex Corporation ("Fedex") is a Delaware corporation with its principal place of business at 942 South Shady Grove Road, Memphis, Tennessee.

a124.   Defendant Hewlett Packard Enterprise Company ("HPE") is a Delaware corporation with its principal place of business at 6280 American Center Drive, San Jose, California.

a125.   Defendant Alameda County Sheriff's Office provides police service for Alameda County. The sheriff's office has contracted with USMS to house federal inmates in county jails.

a126.   Defendant Gregory J. Ahern is sheriff of Alameda County. Sheriff Ahern is being sued as an individual as well.

a127.   Defendants Does 31-50 are deputy sheriffs at Alameda County sheriff's office. Deputy sheriffs Does 31-50 are being sued as individuals as well.

a128.   Defendant James McNair Thompson is a private attorney whom judge van Keulen has appointed to represent plaintiff in a criminal case instituted by first U.S. attorney's office on May 2, 2017. Attorney Thompson is being sued as an individual as well.

a129.   Defendant Doe 51 is foreperson of a grand jury impaneled by first district court. Foreperson Doe 51 is being sued as an individual as well.

a130.   Defendant Roy Saenz is chief U.S. Pretrial Services officer of first district court. Chief pretrial officer Saenz is being sued as an individual as well.

a131.   Defendants Does 52-53 are U.S. Pretrial Services officers at first district court. Pretrial officers Does 52-53 are being sued as individuals as well.

a132.   Defendant Josh Libby is a U.S. Pretrial Services officer at first district court. Pretrial officer Libby is being sued as individuals as well.

a133.   Defendant Sunnyvale Department of Public Safety ("SVDPS") provides police, fire, and emergency medical services for the city of Sunnyvale, where plaintiff resides.

a134.   Defendant Phan S. Ngo is current chief of SVDPS. Chief Ngo is being sued as an individual as well.

a135.   Defendant Frank J. Grgurina was chief of SVDPS from November 2011 until December 2016. Chief Grgurina is being sued as an individual as well.

a136.   Defendants Does 54-65 are deputy U.S. marshals at Justice Prisoner and Alien Transportation System, USMS. Deputy marshals Does 54-65 are being sued as individuals as well.

a137.    Defendant CoreCivic, Inc. ("CoreCivic") is a Maryland corporation with its principal place of business at 10 Burton Hills Boulevard, Nashville, Tennessee. CoreCivic owns and operates Nevada Southern Detention Center ("NSDC");

a138.    Defendant Brian Koehn is current warden of NSDC. Warden Koehn is being sued as an individual as well.

a139.    Defendant Janice Killian was warden of NSDC from May 2017 until September 2018. Warden Killian is being sued as an individual as well.

a140.    Defendant Doe 66 is a case manager at NSDC. Case manager Doe 66 is being sued as an individual as well.

a141.    Defendant Doe 67 is a counselor at NSDC. Counselor Doe 67 is being sued as an individual as well.

a142.    Defendants Does 68-80 are correctional officers ("COs") at NSDC. COs Does 68-80 are being sued as individuals as well.

a143.    Defendant San Bernardino County Sheriff's Department provides police service for San Bernardino County. The sheriff's department has contracted with USMS to house federal inmates in county jails.

a144.    Defendant John McMahon is sheriff of San Bernardino County. Sheriff McMahon is being sued as an individual as well.

a145.    Defendants Does 81-83 are deputy sheriffs at San Bernardino County sheriff's department. Deputy sheriffs Does 81-83 are being sued as individuals as well.

a146.    Defendant L. J. Milusnic is current warden at Metropolitan Detention Center, Los Angeles ("MDC-LA"). Warden Milusnic is being sued as an individual as well.

a147.    Defendant Lisa Hope is chief forensic psychologist at MDC-LA. Dr. Hope is being sued as an individual as well.

a148. Defendant Leslie Johnson is a forensic psychologist at MDC-LA. Dr. Johnson is being sued as individual as well.

a149. Defendant Doe 84 is a case manager at MDC-LA. Case manager Doe 84 is being sued as an individual as well.

a150. Defendant Doe 85 is a unit manager at MDC-LA. Unit manager Doe 85 is being sued as an individual as well.

a151. Defendant Doe 86 is a counselor at MDC-LA. Counselor Doe 86 is being sued as an individual as well.

a152. Defendant K. Gavin is a lieutenant at MDC-LA. Lieutenant Gavin is being sued as an individual as well.

a153. Defendant A. Oughourli is a registered nurse at MDC-LA. Nurse Oughourli is being sued as an individual as well.

a154. Defendants Does 87-100 are COs at MDC-LA. COs Does 87-100 are being sued as individuals as well.

a155. Defendant Doe 101 is warden of Federal Transfer Center ("FTC"), Oklahoma City, Oklahoma. Warden Doe 101 is being sued as an individual as well.

a156. Defendants Does 102-103 are COs at FTC-OKC. Defendants Does 102-103 are being sued as individuals as well.

a157. Defendant J. C. Holland is warden of Federal Correctional Complex, Butner, North Carolina. Warden Holland is being sued as an individual as well.

a158. Defendant T. Smith is warden of Federal Medical Center ("FMC"), Butner, North Carolina. Warden Smith is being sued as an individual as well.

a159. Defendant A.W. Rupska is an associate warden at FMC-Butner. Warden Rupska is being sued as an individual as well.

a160.   Defendant L. Wheat is chief forensic psychologist at FMC-Butner. Dr. Wheat is being sued as an individual as well.

a161.   Defendant R. Koch is a forensic psychologist at FMC-Butner. Dr. Koch is being sued as an individual as well.

a162.   Defendant Joseph S. Zonno is a forensic psychologist at FMC-Butner. Dr. Zonno is being sued as an individual as well.

a163.   Defendant L. Graddy is a staff psychiatrist at FMC-Butner. Dr. Graddy is being sued as an individual as well.

a164.   Defendant Charles L. Griffin is a case manger at FMC-Butner. Case manager Griffin is being sued as an individual as well.

a165.   Defendant J. Wiggins is a counselor at FMC-Butner. Counselor Wiggins is being sued as an individual as well.

a166.   Defendant T. Rule is a captain at FMC-Butner. Captain Rule is being sued as an individual as well.

a167.   Defendant E. Singleton is a lieutenant at FMC-Butner. Lieutenant Singleton is being sued as an individual as well.

a168.   Defendant C. Plucker is a lieutenant at FMC-Butner. Lieutenant Plucker is being sued as an individual as well.

a169.   Defendant M. Bowerman is a lieutenant at FMC-Butner. Lieutenant Bowerman is being sued as an individual as well.

a170.   Defendant W. Ivey is a CO at FMC-Butner. Said defendant is being sued as an individual as well.

a171.   Defendant R. Price is a CO at FMC-Butner. Said defendant is being sued as an individual as well.

a172.  Defendant M. Pleasants is a CO at FMC-Butner. CO Pleasants is being sued as an individual as well.

a173.  Defendant M. Jackson is a CO at FMC-Butner. CO Jackson is being sued as an individual as well.

a174.  Defendant S. O'Brien is a CO at FMC-Butner. CO O'Brien is being sued as an individual as well.

a175.  Defendant C. Whitley is a CO at FMC-Butner. CO Whitley is being sued as an individual as well.

a176.  Defendant J. Green is a CO at FMC-Butner. Said defendant is being sued as an individual as well.

a177.  Defendant M. DeBoe is a CO at FMC-Butner. Said defendant is being sued as an individual as well.

a178.  Defendant C. Garnes is a CO at FMC-Butner. Said defendant is being sued as an individual as well.

a179.  Defendant J. Foster is a CO at FMC-Butner. Said defendant is being sued as an individual as well.

a180.  Defendant C. Brummel is a CO at FMC-Butner. CO Brummel is being sued as an individual as well.

a181.  Defendant B. Sampaga is a CO at FMC-Butner. CO Sampaga is being sued as an individual as well.

a182.  Defendant P. Maville is a CO at FMC-Butner. Said defendant is being sued as an individual as well.

a183.  Defendant F. Williams, Jr., is a CO at FMC-Butner. CO Williams is being sued as an individual as well.

a184.   Defendants Does 104-110 are COs at FMC-Butner. COs Does 104-110 are being sued as individuals as well.

a185.   Defendant Adnan Nogo is a physician at FMC-Butner. Dr. Nogo is being sued as an individual as well.

a186.   Defendant Doe 111 is a physician at FMC-Butner. Dr. Doe 111 is being sued as an individual as well.

a187.   Defendant L. Overton is a nurse practitioner at FMC-Butner. Nurse Overton is being sued as an individual as well.

a188.   Defendant Renee Smith is a registered nurse at FMC-Butner. Nurse Smith is being sued as an individual as well.

a189.   Defendants Does 112-119 are registered nurses at FMC-Butner. Nurses Does 112-119 are being sued as individuals as well.

a190.   Defendants Does 120-125 are physician assistants ("PAs") at FMC-Butner. PAs Does 120-125 are being sued as individuals as well.

a191.   Defendant Michael East is current U.S. Marshal for the Eastern District of North Carolina. Marshal East is being sued as an individual as well.

a192.   Defendant Robert D. Pettit was acting U.S. Marshal for the Eastern District of North Carolina. Marshal Pettit is being sued as an individual as well.

a193.   Defendants Does 126-132 are deputy U.S. marshals at U.S. Marshal's Office for the Eastern District of North Carolina. Said defendants are being sued as individuals as well.

**FACTURAL BACKGROUND**

b1.   On February 2, 2010, plaintiff initiated an employment discrimination action against U.S. Postal Service ("USPS") and a number of its employees (Case No. 5:10-cv-00464-RS, "*USPS I*").

First Amended Complaint                          Case No. 19-cv-3049-WHO   23 of 48

b2.    Judge Seeborg dismissed *USPS I* on June 6, 2011.

b3.    On July 6, 2011, plaintiff appealed from judge Seeborg's dismissal of *USPS I* to the Ninth Circuit (Case No. 11-16653).

b4.    At the Ninth Circuit judge Schroeder, judge Thomas, and judge Silverman denied plaintiff's appeal on July 20, 2012.

b5.    On February 12, 2013, plaintiff petitioned the Supreme Court for certiorari to review the Ninth Circuit's ruling on *USPS I* (Case No. 12-1018).

b6.    On May 25, 2013, the Supreme Court denied the petition for certiorari to review the Ninth Circuit's decision in question.

b7.    Based on the dismissal of *USPS I*, plaintiff filed a misconduct complaint against judge Seeborg on July 18, 2011 (Case No. 11-90131).

b8.    At the Ninth Circuit judge Kozinski dismissed the misconduct case against judge Seeborg on October 7, 2011.

b9.    On October 28, 2011, plaintiff petitioned the Ninth Circuit judicial council for review of judge Kozinski's dismissal of said misconduct case.

b10.    On December 6, 2011, the Ninth Circuit judicial council dismissed the petition for review of judge Kozinski's ruling.

b11.    Plaintiff filed a misconduct complaint against the Ninth Circuit judicial council as well as judge Seeborg on January 5, 2012 (Case Nos. 12-90006 - 12-90017).

b12.    On August 24, 2012, judge Pregerson dismissed the misconduct case against both the Ninth Circuit judicial council and judge Seeborg.

b13.    On September 17, 2012, plaintiff petitioned the U.S. Judicial Conference for review of judge Pregerson's dismissal of said misconduct case.

b14.   On May 14, 2013, judge Reinhardt dismissed petitioner's petition for review to the U.S. Judicial Conference. Judge Reinhardt further directed plaintiff to justify said petition for review in an order to show cause (Case Nos. 12-90140 through 12-90151).

b15.   Owing to judge Reinhardt's May 14, 2013 order to show cause, the Ninth Circuit judicial counsel subjected plaintiff's further misconduct complaints and petitions for review to pre-filing review.

b16.   Based on *USPS I*, plaintiff filed a complaint against four four postal employees on May 31, 2012 (Case No. 5:12-cv-02798-LHK, "*USPS II*").

b17.   Judge Koh dismissed *USPS II* on November 9, 2012.

b18.   On July 5, 2013, plaintiff filed a complaint against USPTO and a number of its employees (Case No. 5:13-cv-03118-PSG, "*USPTO I*").

b19.   Judge Grewal dismissed *USPTO I* on November 4, 2013.

b20.   Based on *USPS I*, plaintiff filed a complaint against chief justice Roberts as well as other federal employees on August 7, 2013 (Case No. 3:13-cv-03663-SI, "*USPS III*").

b21.   Judge Illston dismissed *USPS III* on November 8, 2013.

b22.   Based on *USPS II*, plaintiff filed a complaint against chief justice Roberts as well as other federal employees on September 25, 2013 (Case No. 3:13-cv-04442-EMC, "*USPS IV*").

b23.   On December 20, 2013, Judge Chen dismissed *USPS IV*. Moreover, judge Chen declared plaintiff a vexatious litigant and subjected his ensuing complaints to pre-filing review.

b24.   Based on *USPS IV*, plaintiff lodged a complaint against chief justice Roberts and other federal employees on January 23, 2014 (Case No. 5:14-mc-80017-RMW, "*USPS V*").

b25.   Judge Whyte dismissed *USPS V* on January 30, 2014.

b26.   Based on *USPS IV*, plaintiff lodged a complaint against chief justice Roberts and other federal employees on January 24, 2014 (Case No. 3:14-mc-80018-RS, "*USPS VI*").

b27.   Judge Seeborg dismissed *USPS VI* on February 7, 2014.

b28.   Based on *USPS IV*, plaintiff lodged a complaint against chief justice Roberts and other federal employees on February 3, 2014 (Case No. 4:14-mc-80028-JSW, "*USPS VII*").

b29.   Based on *USPS V*, plaintiff lodged a complaint against chief justice Roberts and other federal employees on February 6, 2014 (Case No. 4:14-mc-80030-JSW, "*USPS VIII*").

b30.   Judge White dismissed both *USPS VII* and *USPS VIII* on March 26, 2014.

b31.   Based on *USPS IV*, plaintiff lodged a complaint against chief justice Roberts and other federal employees on June 10, 2014 (Case No. 5:14-mc-80174-BLF, "*USPS IX*").

b32.   Judge Freeman dismissed *USPS IX* on July 8, 2014.

b33.   On July 7, 2014, plaintiff moved to intervene in a criminal case instituted by first U.S. attorney's office (Case No. 3:14-cr-00196-CRB, "*Intervene I*").

b34.   Judge Breyer denied plaintiff's first motion to intervene in *Intervene I* on July 8, 2014.

b35.   Plaintiff moved again to intervene in *Intervene I* on July 22, 2014.

b36.   Judge Breyer denied plaintiff's second motion to intervene in *Intervene I* on July 24, 2014.

b37.   Plaintiff further moved to intervene in *Intervene I* on July 29, 2014.

b38.   Judge Breyer denied plaintiff's third motion to intervene in *Intervene I* on August 4, 2014.

b39.   Plaintiff still moved to intervene in *Intervene I* on August 6, 2014.

b40.   On September 8, 2014, judge Breyer denied plaintiff's fourth motion to intervene in *Intervene I*.

b41.   On August 1, 2014, plaintiff moved to intervene in a criminal case instituted by first U.S. attorney's office against Fedex (Case No. 3:14-cr-00380-CRB, "*Intervene II*").

First Amended Complaint                    Case No. 19-cv-3049-WHO   26 of 48

b42.   Judge Breyer denied plaintiff's first motion to intervene in *Intervene II* on August 5, 2014.

b43.   Plaintiff moved again to intervene in *Intervene II* on August 19, 2014.

b44.   Judge Breyer denied plaintiff's second motion to intervene in *Intervene II* on August 27, 2014.

b45.   On August 5, 2014, plaintiff moved to intervene in a criminal case instituted by first U.S. attorney's office against HPE (Case No. 5:14-cr-00201-DLJ, "*Intervene III*"). At the same time, plaintiff moved vacate judge Chen's pre-filing review order in *USPS IV*.

b46.   On August 21, 2014, judge Jensen denied the motion to intervene in *Intervene III* as well as the motion to vacate judge Chen's pre-filing review order in *USPS IV*.

b47.   Based on *USPS IX* and *intervene III*, plaintiff lodged a complaint against chief justice Roberts as well as other federal employees on November 10, 2014 (Case No. 5:14-mc-80306-LHK, "*USPS X*").

b48.   Judge Chhabria dismissed *USPS X* on November 14, 2014.

b49.   Based on *USPS X*, plaintiff lodged a complaint at this district court on December 18, 2014 (Case No. 3:14-mc-8034-WHO, "*USPS XI*").

b50.   Judge Alsup dismissed *USPS XI* on December 18, 2014.

b51.   Based on *Intervene III*, plaintiff lodged a complaint at this district court on January 22, 2015 (Case No. 4:15-mc-80031-YGR, "*Intervene IV*").

b52.   Judge Rogers dismissed *Intervene IV* on April 6, 2015.

b53.   Based on *Intervene III*, plaintiff lodged a complaint at this district court on May 22, 2015 (Case No. 5:15-mc-80149-BLF, "*Intervene V*").

b54.   Based on *Intervene III*, plaintiff lodged a complaint at this district court on June 1, 2015 (Case No. 5:15-mc-80151-EJD, "*Intervene VI*").

b55.   Judge Freeman dismissed both *Intervene V* and *Intervene VI* on June 5, 2015.

b56.   Based on *Intervene III*, plaintiff lodged a complaint at first district court on June 18, 2015 (Case No. 5:15-mc-80172-EJD, "*Intervene VII*").

b57.   An order signed by district judge Edward J. Davila dismissed *Intervene VII* on June 23, 2015.

b58.   Based on *USPS IV*, plaintiff submitted a criminal complaint to judge Hamilton and judge Miller on June 24, 2015. Plaintiff also submitted said complaint to judge Armstrong, judge Chesney, judge Gilliam, judge Henderson, judge Conti, judge Orrick, judge Tiger, and judge Wilken on June 25, 2015.  Plaintiff again submitted said complaint to the aforesaid judges on June 29, 2015.

b59.   On July 9, 2015, judge Hamilton responded to the June 24 criminal complaint.

b60.   Plaintiff submitted the June 24, 2015 criminal complaint to judge Beeler, judge Corley, judge Cousins, judge Grewal, judge James, judge Laporte, judge Lloyd, judge Ryu, judge Spero, judge Vadas, and judge Westmore on July 24, 2015.

b61.   On December 19, 2016, plaintiff filed a complaint against Star One Credit Union, Santa Clara County sheriff's office, Santa Clara County district attorney's Office, SVDPS, and others (Case No. 5:16-cv-07225-EJD "*Star One*");

b62.   On February 3, 2017, Santa Clara County filed a complaint against the Trump administration (Case No. 5:17-cv-00574-WHO, "*Sanctuary County*").

b63.   On March 29, 2017, plaintiff moved to intervene in *Sanctuary County*.

b64.   Also on March 29, 2017, an order signed by judge Davila dismissed *Star One*.

b65.   On April 3, 2017, judge Orrick denied plaintiff's motion to intervene in *Sanctuary County*.

b66.   On April 27, 2017, an order signed by judge Davila denied plaintiff's motion to

reconsider the dismissal of *Star One*.

b67. On May 2, 2017, first attorney's office instituted a criminal action against plaintiff (Case No. 3:17-cr-00263-MMC, "*Criminal Case*").

b68. On May 11, 2017, first attorney's office filed an indictment in *Criminal Case*.

b69. Judge Spero ordered plaintiff's conditional release from Oakland Alameda County Jail on May 19, 2017.

b70. Based on 18 U.S.C. § 4241(a), judge Chesney ordered plaintiff's commitment to the custody of the Attorney General for competence evaluation on August 24, 2017.

b71. Based on 18 U.S.C. § 4241(d), judge Chesney ordered plaintiff's commitment to the custody of the Attorney General for competence restoration On December 19, 2017.

b72. On April 5, 2018 plaintiff petitioned the second district court for a writ of habeas corpus (Case No. 5:18-hc-02081-BO).

b73. Judge Boyle denied plaintiff's petition for a writ of habeas corpus on September 17, 2018.

b74. On September 28, 2018, plaintiff filed a FTCA complaint against chief justice Roberts, judge Boyle, and others (Case No. 5:18-ct-03272-FL, "*FTCA I*").

b75. On October 31, 2018, judge Chesney dismissed the indictment in *Criminal Case*.

b76. On February 1, 2019, plaintiff moved to dismiss *Criminal Case* with prejudice.

b77. On February 22, 2019, judge Chesney denied the February 1 motion to dismiss in *Criminal Case*.

b78. On March 18, 2019, plaintiff appealed from judge Chesney's dismissal of the indictment in *Criminal Case* to the Ninth Circuit.

b79. On March 27, 2019, plaintiff moved to dismiss *Criminal Case* with prejudice.

b80. Judge Chesney denied the March 27, 2019 motion to dismiss in *Criminal case*

five days later.

b81.   On April 10, 2019, plaintiff moved to dismiss *Criminal Case* with prejudice.

b82.   Judge Chesney denied the April 10, 2019 motion to dismiss in *Criminal Case* nine days later.

b83.   At the Ninth Circuit judge Leavy, judge Callahan, and judge Bea dismissed the appeal from judge Chesney's dismissal of *Criminal Case* on May 29, 2019.

### CLAIMS

c1.   Claim 1 Civil Rights Violation: On August 6, 2009, president Obama nominated judge Seeborg to a seat vacated by judge Chesney. With FAG Holder's assent, president Obama appointed FUSA Haag to replace FUSA Joseph Russoniello in August 2010 in order for her to take over the litigation of *USPS I*. On January 26, 2011, first U.S. attorney's office answered the third amended complaint in *USPS I*. First U.S. attorney's office moved for summary dismissal of the case on April 26, 2011. Judge Seeborg dismissed *USPS I* accordingly on June 6, 2011. Thus, president Obama, FAG Holder, judge Seeborg, FUSA Haag, and AUSA Scharf have conspired to deny plaintiff due process of law under the Fifth Amendment as well as the right to a jury trial under the Seventh Amendment in regard to *USPS I*. Furthermore, judge Seeborg, FUSA Haag, and AUSA Scharf have violated 18 U.S.C. § 1512(c) as a result.

c2.   Claim 2 Civil Rights Violation: The Ninth Circuit denied plaintiff's appeal from judge Seeborg's summary dismissal of *USPS I* on July 20, 2012. In so doing, judge Schoeder, judge Thomas, and judge Silverman have deprived plaintiff of due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial with regard to *USPS I*. Said judges have therefore violated 18 U.S.C. § 1512(c) as well.

c3.   Claim 3 Civil Rights Violation: On May 25, 2013, the Supreme Court denied the petition for certiorari to review the Ninth Circuit's denial of appeal from the dismissal of *USPS I*.

Chief justice Roberts, justice Kennedy, justice Thomas, justice Ginsburg, justice Breyer, justice Alito, justice Sotomayor, and justice Kagan have denied plaintiff due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial in regard to *USPS I*. Thus, said justices have violated 18 U.S.C. § 1512(c) as well.

c4.    Claim 4 Civil Rights Violation: On October 7, 2011, judge Kozinski dismissed plaintiff's misconduct complaint against judge Seeborg in spite of his summary dismissal of *USPS I*. Accordingly, judge Kozinski has deprived plaintiff of due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial. Furthermore, judge Kozinski has violated 18 U.S.C. § 1512(c) as a result.

c5.    Claim 5 Civil Rights Violation: On December 6, 2011, the Ninth Circuit judicial council denied plaintiff's petition for review of judge Kozinski's dismissal of the misconduct complaint against judge Seeborg despite his summary dismissal of *USPS I*. In doing so, judge Kozinski, judge Hug, judge Thomas, judge Fisher, judge Gould, judge Clifton, judge Beistline, judge Collins, judge Ware, judge Hunt, and judge McNamee have denied plaintiff due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial. These judges have therefore violated 18 U.S.C. § 1512(c) as well.

c6.    Claim 6 Civil Rights Violation: On August 24, 2012, judge Pregerson dismissed plaintiff's misconduct complaint against the Ninth Circuit judicial council and judge Seeborg due to the latter's summary dismissal of *USPS I*. Judge Pregerson had denied plaintiff due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial. Thus, judge Pregerson had violated 18 U.S.C. § 1512(c) as well.

c7.    Claim 7 Civil Rights Violation: Counsel Loesche informed plaintiff on January 2, 2013 about his lack of "right of further review" under 28 U.S.C. §§ 352(c), 357(c) with regard to the summary dismissal of *USPS I*. Accordingly, chief justice Roberts, judge Hogan, and counsel

Loesche have deprived plaintiff of due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial. Moreover, counsel Loesche has violated 18 U.S.C. § 1512(c) as a result.

c8.    Claim 8 Civil Rights Violation: Acting in excess of jurisdiction, judge Reinhardt dismissed on May 14, 2013 plaintiff's petition for review to the U.S. Judicial Conference with regard to the summary dismissal of *USPS I*. Judge Reinhardt had denied plaintiff due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial. Thus, judge Reinhardt had violated 18 U.S.C. § 1512(c) as well.

c9.    Claim 9 Civil Rights Violation: On September 18, 2013, the Ninth Circuit judicial council subjected plaintiff's further misconduct complaints and petitions for review to pre-filing review based on the dismissal of *USPS I*. Thus, judge Kozinski, judge Wallace, judge Thomas, judge Fisher, judge Tallman, judge Clifton, judge Beistline, judge King, judge Wilken, judge Ishii, and judge McNamee have denied plaintiff due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial. Moreover, said judges have violated 18 U.S.C. § 1512(c) as a result.

c10.    Claim 10 Unconstitutionality of 28 U.S.C. §§ 351-364: "The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish" according to the Constitution. Yet 28 U.S.C. § 331 permits the U.S. Judicial Conference to exercise the authority provided in 28 U.S.C. §§ 351-364 as the Conference, or through a standing committee. Thus, a complainant may petition the circuit judicial council to review his misconduct complaint under 28 U.S.C. § 352(c). And the circuit judicial council may refer said complaint to the Judicial Conference under 28 U.S.C. § 354(b)(1) for resolution. Since neither a circuit judicial council nor the Judicial Conference constitutes a Court, they lack jurisdiction over the complaint in question. For this reason 28 U.S.C. §§ 331,

351-364 constitute unconstitutional statutes.

c11.   Claim 11 Civil Rights Violation: The Judicial Conduct and Disability Act Study Committee of U.S. Judicial Conference published a report on implementation of the subject statute in September 2006. The report has legitimized the unconstitutional statutes in question, thereby leading to the adverse decisions in claims 4-9 against plaintiff. The judiciary officials named in claims 4-9 have colluded with justice Breyer, judge Bowman, judge Wilkinson, judge Barker, judge Hornby, and AA Rider to deprive plaintiff of due process of law under the Fifth Amendment and the Seventh Amendment right to a jury trial in regard to *USPS I*.

c12.   Claim 12 Civil Rights Violation: In response to a motion to dismiss by first U.S. attorney's office, judge Koh dismissed *USPS II* on November 9, 2012. On June 10, 2013, judge Koh denied plaintiff's motion to vacate dismissal of the case. The rulings by both the Supreme Court and the Ninth Circuit in *USPS I* not only deprive plaintiff of due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial, but also render appeal from the dismissal futile. Thus, judge Koh, FUSA Haag, and AUSA Scharf have conspired to deny plaintiff the same constitutional rights with regard to *USPS II*. By denying the motions to disqualify her from the case, judge Koh has deliberately violated both 28 U.S.C. § 144 and 18 U.S.C. § 1512(c) as well.

c13.   Claim 13 Civil Rights Violation: USPTO has suspended plaintiff's application for patent since July 15, 2013 pending *USPTO I*. On September 4, 2013, first U.S. attorney's office moved to dismiss the case. Judge Grewal dismissed *USPTO I* on November 4, 2013. President Obama nominated director Lee from Google to head USPTO on November 11, 2014. In June 2016, judge Grewal retired from this district court so as to assume the position of vice president and deputy general counsel at Facebook. Director Lancu has declined to act on plaintiff's patent application since February 8, 2018 when he assumed office. The rulings by both the Supreme

Court and the Ninth Circuit in *USPS I* not only deprive plaintiff of due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial, but also render appeal from the dismissal futile. In other words, president Obama, judge Grewal, director Lee, director Lancu, Google, Facebook, FUSA Haag, and AUSA Scharf have collaborated to deny plaintiff the same constitutional rights in regard to *USPTO I*. Furthermore, judge Grewal has knowingly violated both 28 U.S.C. § 144 and 18 U.S.C. § 1512(c) for refusing to recuse himself from the case despite plaintiff's motions to disqualify judge.

c14.    Claim 14 Civil Rights Violation: First U.S. attorney's office moved to dismiss *USPS III* on September 30, 2013. On November 8, 2013, judge Illston dismissed the case. The rulings by both the Supreme Court and the Ninth Circuit in *USPS I* not only deprive plaintiff of due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial, but also render appeal from the dismissal futile. Accordingly, judge Illston, FUSA Haag, and AUSA Scharf have conspired to deny plaintiff the same constitutional rights with regard to *USPS III*. Moreover, judge Illston has deliberately violated both 28 U.S.C. § 144 and 18 U.S.C. § 1512(c) in denying plaintiff's motions to disqualify her from the case.

c15.    Claim 15 Civil Rights Violation: First U.S. attorney's office moved to dismiss *USPS IV* On November 5, 2013. On November 14, 2013, first U.S. attorney's office moved for finding plaintiff a vexatious litigant. Judge Chen dismissed *USPS IV* and subjected plaintiff's subsequent complaints to pre-filing review on December 20, 2013. The rulings by both the Supreme Court and the Ninth Circuit in *USPS I* not only deprive plaintiff of due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial, but also render appeal from the dismissal futile. Thus, judge Chen, FUSA Haag, and AUSA Cormier have conspired to deny plaintiff the same constitutional rights in regard to *USPS IV*. By denying the motions to disqualify him from the case, judge Chen has violated both 28 U.S.C. § 144 and

18 U.S.C. § 1512(c) as well.

c16.   Claim 16 Civil Rights Violation: On January 30, 2014, judge Whyte dismissed *USPS V* based on judge Chen's pre-filing review order in *USPS IV*. In doing so, judge Whyte has deprived plaintiff of due process of law under the Fifth Amendment as well as the right to a jury trial under the Seventh Amendment with regard to *USPS V*. Judge Whyte has therefore violated 18 U.S.C. § 1512(c) as well.

c17.   Claim 17 Civil Rights Violation: On February 7, 2014, judge Seeborg dismissed *USPS VI* based on judge Chen's pre-filing review order in *USPS IV*. Judge Seeborg has denied plaintiff due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial in regard to *USPS VI*. Moreover, judge Seeborg has violated 18 U.S.C. § 1512(c) as a result.

c18.   Claim 18 Civil Rights Violation: On March 26, 2014, judge White dismissed both *USPS VII* and *USPS VIII* based on judge Chen's pre-filing review order in *USPS IV*. Thus, judge White has denied plaintiff due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial with regard to either *USPS VII* or *USPS VIII*. Furthermore, judge White has violated 18 U.S.C. § 1512(c) as a result.

c19.   Claim 19 Civil Rights Violation: On July 8, 2014, judge Freeman dismissed *USPS IX* based on judge Chen's pre-filing review order in *USPS IV*. Thus, judge Freeman has deprived plaintiff of due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial with regard to *USPS IX*. Moreover, judge Freeman has violated 18 U.S.C. § 1512(c) as a result.

c20.   Claim 20 Civil Rights Violation: Judge Breyer denied plaintiff's four motions to intervene in *Intervene I* before first U.S. attorney's office responded. These rulings legitimize racial discrimination by USPS in *USPS I*. Thus, judge Breyer has denied plaintiff due process of

law under the Fifth Amendment, the Seventh Amendment right to a jury trial, as well as equal protection of the laws under the Fourteenth Amendment with regard to *Intervene I*. Furthermore, judge Breyer has violated 18 U.S.C. § 1512(c) as a result.

c21.   Claim 21 Civil Rights Violation: Judge Breyer denied plaintiff's both motions to intervene in *Intervene II* before either first U.S. attorney's office or Fedex responded. Fedex declined to respond to said motions in order for judge Breyer to render a more lenient judgment. These rulings legitimize racial discrimination by USPS in *USPS I*. Judge Breyer, FUSA Haag, and Fedex have colluded to deprive plaintiff of due process of law under the Fifth Amendment, the Seventh Amendment right to a jury trial, as well as equal protection of the laws under the Fourteenth Amendment in regard to *Intervene II*. Thus, judge Breyer has violated 18 U.S.C. § 1512(c) as well.

c22.   Claim 22 Civil Rights Violation: Based on judge Chen's pre-filing review order in *USPS IV*, judge Jensen denied both plaintiff's motion to intervene in *Intervene III* and his motion to vacate said pre-filing review order before either first U.S. attorney's office or HPE responded. HPE declined to respond to said motions in order to justify a more lenient judgment from judge Jensen. Denial of both motions legitimizes racial discrimination by USPS in *USPS I*. Thus, judge Jensen, FUSA Haag, and HPE have collaborated to deny plaintiff due process of law under the Fifth Amendment, the Seventh Amendment right to a jury trial, and equal protection of the laws under the Fourteenth Amendment with regard to *Intervene III*. Furthermore, judge Jensen has violated 18 U.S.C. § 1512(c) as a result.

c23.   Claim 23 Civil Rights Violation: Due to judge Chen's pre-filing review order in *USPS IV*, judge Chhabria dismissed *USPS X* on November 14, 2014. Judge Chhabria has denied plaintiff due process of law under the Fifth Amendment as well as the right to a jury trial under Seventh Amendment in regard to *USPS X*. Accordingly, judge Chhabria has violated 18 U.S.C. §

1512(c) as well.

c24. Claim 24 Civil Rights Violation: Owing to judge Chen's pre-filing review order in *USPS IV*, judge Alsup dismissed *USPS XI* on December 18, 2014. Judge Alsup has deprived plaintiff of due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial with regard to *USPS XI*. Furthermore, judge Alsup has violated 18 U.S.C. § 1512(c) as a result.

c25. Claim 25 Civil Rights Violation: Based on judge Chen's pre-filing review order in *USPS IV*, judge Rogers dismissed *Intervene IV* on April 6, 2015. The denial legitimizes racial discrimination by USPS in *USPS I*. Judge Rogers has denied plaintiff due process of law under the Fifth Amendment, the Seventh Amendment right to a jury trial, and equal protection of the laws under the Fourteenth Amendment in regard to *Intervene IV*. Accordingly, judge Rogers has violated 18 U.S.C. § 1512(c) as well.

c26. Claim 26 Civil Rights Violation: On May 25, 2015, plaintiff lodged the complaint in *Intervene V* at this district court. The receiving deputy clerk forwarded said complaint to judge Nonato. Judge Donato then forwarded the complaint to judge Freeman. Owing to judge Chen's pre-filing review order in *USPS IV*, judge Freeman dismissed the complaints in both *Intervene V* and *Intervene VI* on June 5, 2015. The dismissals legitimize racial discrimination by USPS in *USPS I*. Thus, judge Freeman has colluded with judge Donato to deprive plaintiff of due process of law under the Fifth Amendment, the Seventh Amendment right to a jury trial, and equal protection of the laws under the Fourteenth Amendment with regard to both *Intervene V* and *Intervene VI*. Furthermore, judge Freeman has violated 18 U.S.C. § 1512(c) as a result.

c27. Claim 27 Civil Rights Violation: Based on judge Chen's pre-filing review order in *USPS IV*, an order signed by judge Davila dismissed *Intervene VII* on June 23, 2015. Judge Freeman has falsified the dismissal of *Intervene VII* so as to justify her dismissal of *Intervene VI*.

The dismissal legitimizes racial discrimination by USPS in *USPS I*. Accordingly, judge Freeman has denied plaintiff of due process of law under the Fifth Amendment, the Seventh Amendment right to a jury trial, and equal protection of the laws under the Fourteenth Amendment in regard to *Intervene VII*. Judge Freeman has therefore violated 18 U.S.C. § 1512 (c) as well.

c28.   Claim 28 Civil Rights Violation: Based on judge Jensen's dismissal of *Intervene III*, plaintiff submitted a criminal complaint to judge Hamilton on June 24, 2015. Judge Hamilton suggested in her July 9, 2015 response to said complaint that plaintiff submit a civil complaint instead. On the other hand, judge Armstrong, judge Chesney, judge Gilliam, judge Henderson, judge Conti, judge Orrick, judge Tigar, judge Wilken, judge Beeler, judge Corley, judge Grewal, judge Cousins, judge James, judge Laporte, judge Lloyd, judge Ryu, judge Spero, judge Vadas, and judge Westmore have never replied to said criminal complaint. Judge Hamilton's response and other judges' silence legitimize racial discrimination by USPS in *USPS I*. Therefore, these judges have conspired to deprive plaintiff of due process of law under the Fifth Amendment, the Seventh Amendment right to a jury trial, and equal protection of the laws under the Fourteenth Amendment.

c29.   Claim 29 Civil Rights Violation: On November 8, 2014, president Obama named FAG Lynch to succeed FAG Holder. FUSA Haag resigned from office after designating FUSA Stretch as her successor on September 1, 2015. On April 3, 2017, judge Orrick denied plaintiff's motion to intervene in *Sanctuary County* before response from first U.S. attorney's office. The denial enables first U.S. attorney's office to evade investigation into criminal offenses against plaintiff by Santa Clara County sheriff's office, Santa Clara County district attorney's office and SVDPS in *Star One*. Thus, judge Orrick, president Obama, FAG Lynch, FUSA Haag, and FUSA Stretch have collaborated to deny plaintiff due process of law under the Fifth Amendment, the Seventh Amendment right to a jury trial, and equal protection of the laws under the Fourteenth

Amendment with regard to *Sanctuary County*. Moreover, judge Orrick has violated 18 U.S.C. § 1512(c) as a result.

c30.   Claim 30 Civil Rights Violation: On January 20, 2017, clerk Soong reassigned *Star One* to judge van Keulen despite plaintiff's declination to proceed before a magistrate judge. Judge van Keulen dismissed *Star One* on March 29, 2017 so to prevent the case from going to trial. After judge Jensen presided over the hearing on plaintiff's application for reconsideration of dismissal of *Star One*, judge van Keulen denied the application on April 27, 2017. The denial enables first U.S. attorney's office to evade investigation into criminal offenses against plaintiff by Santa Clara County sheriff's office, Santa Clara County district attorney's office, and SVDPS in said case. Judge Hamilton, judge Jensen, judge van Keulen, and clerk Soong have conspired to deprive plaintiff of due process of law under the Fifth Amendment, the Seventh Amendment right to a jury trial, and equal protection of the laws under the Fourteenth Amendment in regard to *Star One*. Accordingly, judge van Keulen has violated 18 U.S.C. § 1512(c) as well.

c31.   Claim 31 Civil Rights Violation: On May 2, 2017, first U.S. attorney's office instituted *Criminal Case* against plaintiff to justify his arrest the previous day. The complaint in *Criminal Case* states that CSO Yamaguchi and CSO Guttoruson placed plaintiff "in handcuffs and escorted him off the Court floor." Yet 18 U.S.C. § 3053 permits "United States marshals and their deputies" – instead of CSOs – to make arrests without warrant. Thus, judge van Keulen, FUSA Stretch, AUSA Perez, AUSA Vieira, AUSA Nedrow, director Harlow, marshal O'Keefe, deputy marshal Harwell, deputy marshals Does 1-5, CSO Yamaguchi, CSO Guttoruson, CSOs Does 21-30, Alameda County sheriff's office, sheriff Ahern, deputy sheriffs Does 31-35, and deputy clerk Salinas-Harwell have colluded to deny plaintiff the Fourth Amendment right against unreasonable seizures as well as due process of law under the Fifth Amendment. Furthermore, FUSA Stretch and AUSA Perez have violated 18 U.S.C. § 1512(c) as a result.

c32.    Claim 32 Unconstitutionality of 18 U.S.C. § 3006A: Federal district courts permit the attorney representing a defendant "full authority to manage the conduct of trial." Therefore, "the client must accept the consequences of the lawyer's decision to forgo cross-examination, to decide not to put certain witnesses on the stand, or to decide not to disclose the identity of certain witnesses in advance of trial." "But the Constitution does not force a lawyer upon a defendant. He may waive his Constitutional right to assistance of counsel if he knows what he is doing and his choice is made with eyes open." Because its provision precludes an indigent pro se defendant from voluntarily and intelligently waiving his right to counsel, 18 U.S.C. § 3006A constitutes unconstitutional statute.

c33.    Claim 33 Unconstitutionality of 18 U.S.C. §§ 4241-4248: Since 18 U.S.C. § 4241 authorizes pre-trial psychological examination, the statute denies a criminal defendant the Fifth Amendment privilege against self-incrimination. 18 U.S.C. §§ 4241(d), 4246 permit a district court to imprison the accused at a federal mental health facility before jury trial. Thus, these statutes deprive a defendant of the Fourth Amendment right against unreasonable seizures as well as due process of law under the Fifth Amendment.

c34.    Claim 34 Civil Rights Violation: During the initial appearance in *Criminal Case* on May 2, 2017, judge van Keulen appointed attorney Thompson as defense counsel in spite of plaintiff's opposition. On May 8, 2017, judge van Keulen referred plaintiff to pretrial services for mental health assessment. Judge van Kuelen also ordered plaintiff's detention after motions by first U.S. attorney's office. First U.S. attorney's office filed an indictment on May 11, 2017 so as to justify plaintiff's imprisonment retroactively. Because of attorney Thompson's May 15, 2017 motion for psychiatric examination, judge Spero conditionally released plaintiff from jail on May 19, 2017. Thus, judge Spero, judge van Keulen, FUSA Stretch, AUSA Becker, AUSA Kaleba, director Harlow, marshal O'Keefe, deputy marshals Does 6-10, Alameda County sheriff's office,

sheriff Ahern, deputy sheriffs Does 36-40, attorney Thompson, foreperson Doe 51, chief pretrial officer Saenz, and pretrial officers Does 52-53 have collaborated to deny plaintiff the Fourth Amendment right against unreasonable seizures as well as the right against self-incrimination and due process of law under the Fifth Amendment. Furthermore, both judge van Keulen and judge Spero have violated 18 U.S.C. § 1512(c) as a result.

c35.    Claim 35 Civil Rights Violation: Due to judge Spero's release order in *Criminal Case*, judge Chesney ordered plaintiff's arrest on August 9, 2017. Judge Laporte issued a warrant so that USMS along with Alameda County deputy sheriffs arrested plaintiff at his residence on August 15, 2017. On August 24, 2017, judge Chesney ordered plaintiff's commitment at MDC-LA for a thirty-day psychological examination. Judge Chesney, judge Laporte, FUSA Stretch, AUSA Kaleba, AUSA Valliere, AUSA Lee, pretrial officer Libby, director Harlow, marshal O'Keefe, deputy marshals Does 11-20, Alameda County sheriff's office, sheriff Ahern, deputy sheriffs Does 41-50, attorney Thompson, SVDPS, chief Ngo, and chief Grgurina have colluded to deprive plaintiff of the Fourth Amendment right against unreasonable seizures as well as the right against self-incrimination and due process of law under the Fifth Amendment. Thus, both judge Chesney and judge Laporte have violated 18 U.S.C. § 1512(c) as well.

c36.    Claim 36 Civil Rights Violation: As a result of judge Chesney's August 24, 2017 order for commitment in *Criminal Case*, USMS transferred plaintiff to MDC-LA on September 28, 2017 via NSDC. During plaintiff's imprisonment at MDC-LA, warden Milusnic requested a fifteen-day extension of the psychological examination on October 6, 2017. Nurse Oughourli and lieutenant Gavin took plaintiff's DNA sample on October 19, 2017. On November 21, 2017, Dr. Hope and Dr. Johnson submitted a forensic evaluation report to judge Chesney. On the other hand, judge Wright, judge Guilford, and judge Fitzgerald declined to rule on plaintiff's motions to dismiss in said case while PACER terminated plaintiff's access to court electronic records.

First Amended Complaint                                    Case No. 19-cv-3049-WHO   41 of 48

Accordingly, judge Chesney, judge Wright, judge Guilford, judge Fitzgerald, deputy clerk Geiger, FUSA Stretch, AUSA Valliere, AUSA Kaleba, AUSA Lee, attorney Thompson, chief Stone, director Harlow, deputy marshals Does 54-59, CoreCivic, warden Killian, case manager Doe 66, counselor Doe 67, COs Does 68-74, San Bernardino sheriff's department, sheriff McMahon, deputy sheriffs Does 81-83, warden Milusnic, Dr. Hope, Dr. Johnson, case manager Doe 84, unit manager Doe 85, counselor Doe 86, lieutenant Gavin, nurse Oughourli, and COs Does 87-100 have conspired to deny plaintiff the Fourth Amendment right against unreasonable seizures as well as the right against self-incrimination and due process of law under the Fifth Amendment. Furthermore, judge Chesney, Dr. Hope, and Dr. Johnson have violated 18 U.S.C. § 1512(c) as a result.

c37.    Claim 37 Civil Rights Violation: Owing to judge Chesney's December 19, 2017 order for commitment in *Criminal Case*, USMS transferred plaintiff to FMC-Butner on February 9, 2018 via NSDC and FTC-OKC. Thereafter FMC-Butner put plaintiff in solitary confinement until February 16, 2018. On February 23, 2018, Dr. Koch ordered antipsychotic medicines for plaintiff. On June 18, 2018, lieutenant Plucker and nurse Smith issued an incident report against plaintiff for failing to report to the laboratory. On June 22, 2018, FMC-Butner again placed plaintiff in solitary confinement until August 6, 2018. On July 18, 2018, judge Chesney extended plaintiff's treatment until September 28, 2018 at FMC-Butner's request. Judge Chesney, FUSA Tse, AUSA Valliere, AUSA Kaleba, AUSA Lee, attorney Thompson, director Anderson, deputy marshals Does 60-65, warden Killian, COs Does 75-80, warden Doe 101, COs Does 102-103, warden Holland, warden Smith, warden Rupska, Dr. Wheat, Dr. Koch, Dr. Zonno, Dr. Graddy, case manager Griffin, counselor Wiggins, captain Rule, lieutenant Singleton, lieutenant Plucker, lieutenant Bowerman, COs Ivey, price, Pleasants, Jackson, O'Brien, Whitley, Green, Deboe, Garnes, Foster, Brummel, Sampaga, Maville, Williams, Does 104-110, Dr. Nogo, Dr. Doe 111,

nurse Overton, nurse Smith, nurses Does 112-119, PAs Does 120-125, marshal East, marshal Pettit, and deputy marshals Does 126-132 have colluded to deprive plaintiff of the right against unreasonable seizures under the Fourth Amendment and the right against self-incrimination as well as due process of law under the Fifth Amendment. Thus, judge Chesney and said wardens have violated 18 U.S.C. § 1512(c) as well.

c38.    Claim 38 Civil Rights Violation: Judge Boyle denied plaintiff's April 5, 2018 petition for a writ of habeas corpus on September 17, 2018. The denial is based on the fact that judge Chesney was "in the process of determining petitioner competence to stand trial." Thus, judge Boyle has deprived plaintiff of the constitutional privilege of the writ of habeas corpus, the Fourth Amendment right against unreasonable seizures, and the right against self-incrimination as well as due process of law under the Fifth Amendment. Furthermore, judge Boyle has violated 18 U.S.C. § 1512(c) as a result.

c39.    Claim 39 Unconstitutionality of 18 U.S.C. § 3161: 18 U.S.C. § 3161(d)(1) permits first U.S. attorney's office to file a second complaint or indictment against plaintiff "based on the same conduct or arising from the same criminal episode." For this reason judge Boyle denied plaintiff's petition for a writ of habeas corpus on September 17, 2018. On September 28, 2018, plaintiff initiated *FTCA I* against chief justice Roberts, judge Boyle and others. As a result, judge Jones ordered USMS to transfer plaintiff from FMC-Butner on October 3, 2018. On October 31, 2018, judge Chesney dismissed the indictment in *Criminal Case* without prejudice. Afterwards, judge Chesney has denied plaintiff's repeated motions to dismiss *Criminal Case* with prejudice. First U.S. attorney's office has filed both the complaint and the indictment in *Criminal Case* in order to deny plaintiff the Fourth Amendment right against unreasonable seizures as well as the right against self-incrimination and due process of law under the Fifth Amendment. And judge Chesney has denied said motions to dismiss so as to enable U.S. attorney to continue prosecution

under the statute at issue. Accordingly, 18 U.S.C. § 3161 constitutes unconstitutional statute.

c40.   Claim 40 Civil Rights Violation: On October 31, 2018, judge Chesney dismissed the indictment in *Criminal Case* without prejudice. The ruling authorizes first U.S. attorney's office to continue prosecution under 18 U.S.C. § 3161(d)(1). Thus, judge Chesney, FUSA Tse, AUSA Valliere, AUSA Kaleba, and AUSA Lee have colluded to deprive plaintiff of the Fourth Amendment right against unreasonable seizures as well as the right against self-incrimination and due process of law under the Fifth Amendment. Moreover, judge Chesney, FUSA Tse, and AUSA Valliere have violated 18 U.S.C. § 1512(c) as a result.

c41.   Claim 41 Civil Rights Violation: Judge Jones ordered USMS to transfer plaintiff from FMC-Butner on October 3, 2018. On October 30, 2018, judge Chesney dismissed *Criminal Case* without prejudice and released plaintiff from custody. Thus, judge Chesney has dismissed *Criminal Case* temporarily in order to prevent plaintiff from appealing from judge Boyle's denial of his petition for a writ of habeas corpus to U.S. Court of Appeals for the Fourth Circuit in time. Judge Chesney, judge Jones, director Anderson, and warden Koehn have collaborated to deny plaintiff the Fourth Amendment right against unreasonable seizures as well as the right against self-incrimination and due process of law under the Fifth Amendment.

c42.   Claim 42 Civil Rights Violation: Judge Jones directed plaintiff to pay filing fee in *FTCA I* within 21 days after October 1, 2018 to avoid dismissal of the case. On January 9, 2019, judge Flanagan ordered dismissal of *FTCA I* in the event plaintiff failed to pay said filing fee within 21 days. Plaintiff did make the payment on January 25, 2019. However, deputy clerk Castania has evaded issuing summons against any of the defendants in *FTCA I* since. Judge Boyle, judge Flanagan, judge Jones, clerk Moore, and deputy clerk Castania have conspired to deprive plaintiff of the Fourth Amendment right against unreasonable seizures as well as the right against self-incrimination and due process of law under the Fifth Amendment. Accordingly,

both judge Flanagan and judge Jones have violated 18 U.S.C. § 1512(c) as well.

c43.  Claim 43 Civil Rights Violation: Judge Chesney has denied plaintiff's February 1, March 27, and April 10, 2019 motions to dismiss in *Criminal Case* in order for U.S. attorney to continue prosecuting the case under 18 U.S.C. § 3161. Judge Chesney, U.S. attorney Anderson, AUSA Valliere, AUSA Kaleba, AUSA Lee, and attorney Thompson have collaborated to deny plaintiff the Fourth Amendment right against unreasonable seizures as well as the right against self-incrimination and due process of law under the Fifth Amendment. Moreover, judge Chesney has violated both 28 U.S.C. § 2284(b)(3) and 18 U.S.C. § 1512(c) as a result.

c44.  Claim 44 Civil Rights Violation: Clerk Harris has evaded providing a notice of direct appeal from judge Chesney's rulings to the Supreme Court. Deputy clerk Lewis ordered plaintiff to explain why he appealed from the October 30, 2017 dismissal of *Criminal Case* until February 1, 2019. And judge Leavy, judge Callahan, and judge Bea dismissed said appeal on May 1, 2019 in order to enable first U.S. attorney's office to continue prosecuting *Criminal Case* under 18 U.S.C. § 3161. Chief justice Roberts, clerk Harris, judge Thomas, judge Leavy, judge Callahan, judge Bea, clerk Dwyer, deputy clerk Lewis, U.S. attorney Anderson, and AUSA Chan have colluded to deny plaintiff the Fourth Amendment right against unreasonable seizures as well as the right against self-incrimination and due process of law under the Fifth Amendment. Therefore, judge Leavy, judge Callahan, judge Bea, and deputy clerk Lewis have violated 18 U.S.C. § 1512(c) as well.

c45.  Claim 45 Civil Rights Violations: On June 3, 2019, deputy clerk Walton assigned the present case to judge van Keulen when the original complaint was filed. Judge van Keulen recused herself from this case the next day. On June 10, clerk Soong reassigned the present case to judge Orrick. Said judge has ruled against plaintiff in *Sanctuary County*. Yet judge Orrick set initial case management conference for September 10 instead of recusing himself from this case

on June 13. Judge Orrick has conspired with judge Hamilton, judge van Keulen, clerk Soong, and deputy clerk Walton to deny plaintiff due process of law under the Fifth Amendment. Thus, judge Orrick has violated both 28 U.S.C. § 455 and 18 U.S.C. § 1512(c) as well.

## REQUEST FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter judgment against all defendants and provide plaintiff with the following relief:

1. A declaratory judgment that 18 U.S.C. §§ 3006A, 3161, 4241-4248 as well as 28 U.S.C. §§ 331, 351-364 constitute unconstitutional statutes.

2. A declaratory judgment that defendants have violated plaintiff's constitutional rights as well as statutes of the United States as set forth in claims 1-9, 11-31, 34-38, and 40-45.

3. Monetary damages in the amount of $4,000,000,000.00 against chief justice Roberts; $2,000,000,000.00 each against justice Kennedy and justice Breyer; $1,000,000,000.00 each against justice Thomas, justice Ginsburg, justice Alito, justice Sotomayor, and justice Kagan; $400,000,000.00 against clerk Harris; $800,000,000.00 against judge Hogan; $400,000,000.00 each against counsel Loesche, judge Bowman, judge Wilkinson, judge Barker, judge Hornby, and judge Thomas; $200,000,000.00 each against judge Schroeder, judge Silverman, judge Kozinski, judge Pregerson, judge Reinhardt, judge Leavy, judge Callahan, and judge Bea; $100,000,000.00 each against judge Hug, judge Fisher, judge Gould, judge Clifton, judge Wallace, and judge Tallman; $10,000,000.00 against clerk Dwyer; $5,000,000.00 against deputy clerk Lewis; $10,000.000.00 each against judge Beistline, judge Collins, judge King, judge Miller, judge Ishii, judge Hunt, judge McNamee, judge Donato, judge Armstrong, judge Conti, judge Gilliam, judge Henderson, judge Tigar, judge Spero, judge Grewal, and judge van Keulen; $20,000,000.00 each against judge Wright, judge Guilford, judge Fitzgerald, judge

Hamilton, judge Ware, judge Wilken, judge Seeborg, judge Koh, judge Illston, judge Chen, judge Whyte, judge White, judge Freeman, judge Breyer, judge Jensen, judge Chhabria, judge Alsup, judge Rogers, judge Chesney, judge Orrick, judge Boyle and judge Flanagan; $8,000,000.00 each against judge Beeler, judge Corley, judge Cousins, judge James, judge Laporte, judge Lloyd, judge Ryu, judge Vadas, judge Westmore, judge Jones, clerk Soong, and clerk Moore; $5,000,000.00 each against deputy clerks Salinas-Harwell, Geiger, Walton, and Castania; $8,000,000.00 against chief Stone; $2,000,000,000.00 against president Obama; $ 800,000,000.00 each against FAG Holder and FAG Lynch; $10,000,000.00 each against U.S. attorney Anderson, FUSA Haag, FUSA Stretch, and FUSA Tse; $8,000,000.00 each against AUSAs Scharf, Cormier, Perez, Nedrow, Valliere, Kaleba, Lee, and Chan; $6,000,000.00 each against AUSA Vieira and AUSA Becker; $10,000,000.00 each against director Harlow and director Anderson; $8,000,000.00 each against marshals O'Keefe, East, and Pettit; $6,000,000.00 against deputy marshal Harwell; $5,000,000.00 each against CSO Yamaguchi and CSO Guttoruson; $10,000,000.00 each against director Lancu and director Lee; $4,000,000,000.00 each against Google and Facebook; $2,000,000,000.00 each against Fedex and HPE; $500,000,000.00 against Alameda County Sheriff's Office; $10,000,000.00 against sheriff Ahern; $8,000,000.00 each against attorney Thompson and chief pretrial officer Saenz; $5,000,000.00 against pretrial officer Libby; $500,000,000.00 against SVDPS; $8,000,000.00 each against chief Ngo and chief Grgurina; $500,000,000.00 against CoreCivic; $10,000,000.00 each against warden Koehn and warden Killian; $100,000,000.00 against San Bernardino Sheriff's Department; $8,000,000.00 against sheriff McMahon; $10,000,000.00 against warden Milusnic; $8,000,000.00 each against Dr. Hope and Dr. Johnson; $6,000,000.00 each

against lieutenant Gavin and nurse Oughourli; $10,000,000.00 each against warden Holland, warden Smith, and warden Rupska; $8,000,000.00 each against Dr. Wheat, Dr. Koch, Dr. Zonno, Dr. Graddy, and case manager Griffin; $6,000,000.00 against counselor Wiggins; $8,000,000.00 against captain Rule; $6,000,000.00 each against lieutenants Singleton, Plucker, and Bowerman; $5,000,000.00 each against COs Ivey, Price, Pleasants, Jackson, O'Brien, Whitley, Green, DeBoe, Garnes, Foster, Brummel, Sampaga, Maville, and Williams; $8,000.000.00 against Dr. Nogo; $6,000,000.00 each against nurse Overton and nurse Smith. Damages against defendants Does 1-132 will be submitted after discovery.

4.  Monetary punitive damages against all defendants.

5.  Refer all defendants to the Attorney General for criminal prosecution.

6.  Plaintiff's reasonable costs and expenses of this action in accordance with 42 U.S.C. § 1988 and other applicable law.

7.  All other further relief to which plaintiff may be entitled.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues for which a right to jury trial exists.

Respectfully submitted this 14th day of August 2019.

*Kuang-bao Ou-young*

KUANG-BAO P. OU-YOUNG
1362 Wright Avenue
Sunnyvale, California 94087
(408) 234-2371
kbouyoung@yahoo.com

Plaintiff